UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-cr-62 RLM |
| ) | |
| DONALD J. ALFORD ) | |
| ) | |

OPINION AND ORDER

Donald Alford's motion for sentence reduction under the First Step Act is before the court. For the following reasons, the court denies the motion.

Mr. Alford pleaded guilty to possession of a firearm as a felon, 18 U.S.C. § 922(g), in 2005. He was sentenced to 262 months' imprisonment and three years of supervised release. Mr. Alford is now before the court seeking a sentence reduction under First Step Act § 404(b), review of his sentencing enhancements for possession of multiple firearms and a stolen firearm, and review of his designation as an armed career criminal.

Section 404(b) of the First Step Act made the Fair Sentencing Act retroactive. The Fair Sentencing Act reduced statutory minimum and maximum penalties for 21 U.S.C. § 841(a)(1) offenses, but it didn't impact 18 U.S.C. § 922(g)(1) offenses. Accordingly, there isn't any relief that applies to Mr. Alford under Section 404(b).

Mr. Alford also says that the armed career criminal guidelines were incorrectly applied to him at sentencing, as were enhancements for possessing multiple firearms and a stolen firearm. The court denied Mr. Alford's first motion to vacate, set aside, or correct his sentence under petition under 28 U.S.C. §

2255 on April 9, 2007. Any request from Mr. Alford to review his sentence amounts to an unauthorized successive petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(h); Henderson v. United States, 264 F.3d 709, 710 (7th Cir. 2001); United States v. Evans, 224 F.3d 670, 672-75 (7th Cir. 2000). Before a second or successive motion is filed with the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244. Mr. Alford hasn't alleged or established that he received proper authorization to file a successive petition, so his request is denied as directed to the wrong court.

Finally, the court notes receipt of a letter from Mr. Alford asking the court to place him on home confinement. The Bureau of Prisons, not the court, decides where an inmate is incarcerated. *See* 18 U.S.C. §§ 3621(b) and 3624(c)(2).

For the foregoing reasons, the court DENIES Mr. Alford's motion for sentence reduction under the First Step Act and his request for review of his sentencing enhancements [Doc. No. 106]; his request to review his armed career criminal status [Doc. No. 113]; and his request for home confinement [Doc. No. 114].

SO ORDERED.

ENTERED:   November 19, 2020

                        /s/ Robert L. Miller, Jr.
                        Judge, United States District Court